**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4806**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MARK NATHANIEL HOPE, a/k/a Askare El Bey,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:06-cr-00167-F)

Submitted:  March 27, 2008         Decided:  April 1, 2008

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.  David L. Hayden, OFFICE OF THE UNITED STATES ATTORNEY, Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Nathaniel Hope appeals the 210-month sentence he received following his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). Hope's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious grounds for appeal, but questioning the propriety of Hope's sentence. In his pro se supplemental brief, Hope maintains the district court erred in sentencing him as an armed career criminal. The Government did not file a brief. We have considered the various arguments on appeal and reviewed the relevant record and, for the reasons set forth below, we affirm.

As recently determined by the Supreme Court, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, __ U.S. __, 128 S. Ct. 586, 597 (2007). We remain charged with reviewing sentences for reasonableness, id. at 594, 597, which requires that we consider both the procedural and substantive reasonableness of a sentence. Id. at 597.

In determining whether a sentence is procedurally reasonable, this court first assesses whether the district court properly calculated the defendant's advisory Guidelines range. Id. at 596-97. This court must then consider whether the district

court failed to consider the § 3553(a) factors, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 597; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" Pauley, 511 F.3d at 473, (quoting Gall, 128 S. Ct. at 597). This court may afford sentences that fall within the properly calculated Guidelines range a presumption of reasonableness, see id., a presumption permitted by the Supreme Court. Rita v. United States, __ U.S. __, 127 S. Ct. 2456, 2459, 2462 (2007).

Hope contends the district court erred in classifying him an armed career criminal and enhancing his sentence accordingly. More specifically, Hope argues his 1991 conviction for voluntary manslaughter was improperly counted because his civil rights, which had been revoked upon conviction, were restored. This contention fails. The North Carolina Parole Board's restoration order expressly excluded Hope's civil right to possess a firearm from the general restoration of his rights. Thus, this conviction was properly counted. See 18 U.S.C. § 921(a)(20) (2000). Moreover, contrary to Hope's contention, the age of this offense is irrelevant. United States Sentencing Guidelines Manual § 4B1.4, cmt. n.1 (2005).

The district court properly calculated Hope's advisory Guidelines range, considered the statutory sentencing factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and imposed a sentence at the top-end of that range. Our review of the record reveals no procedural or substantive defect in Hope's sentence, and Hope has not overcome the presumption of reasonableness that attaches to his sentence. Rita, 127 S. Ct. at 2459, 2462. In addition to imposing a reasonable sentence, the district court conducted a thorough Rule 11 colloquy prior to accepting Hope's guilty plea.

In accordance with Anders, we have reviewed the entirety of the record and found no meritorious issues. Accordingly, we affirm the district court's judgment. We require that counsel inform Hope, in writing, of the right to petition the Supreme Court of the United States for further review. If Hope requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hope. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED